UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                         )
                               )    Chapter 7
ZACHARY SCOTT OVEL,            )
                               )    Bankruptcy No. 06-01150
      Debtor.                  )
-----------------------------  )
RENEE HANRAHAN, Trustee,       )
                               )    Adversary No. 07-9053
      Plaintiff,               )
                               )
vs.                            )
                               )
MICHELE MILLER,                )
                               )
      Defendant.               )
```

**ORDER RE: MOTION TO SET ASIDE DEFAULT JUDGMENT**

This matter came before the undersigned on May 30, 2007 pursuant to assignment. Plaintiff/Trustee Renee Hanrahan was represented by Attorney Eric Lam. Defendant Michele Miller did not appear, but was represented by Attorney Hugo Burdt. The U.S. Trustee was represented by Assistant U.S. Trustee Janet Reasoner. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

**STATEMENT OF THE CASE**

Defendant seeks to set aside the default judgment entered against her. Trustee argues Defendant has failed to raise a meritorious defense and no grounds exist to vacate the default judgment.

**FINDINGS OF FACT**

Trustee filed a complaint on March 7, 2007 seeking to avoid transfers from Debtor to his mother, Defendant Michele Miller, of real estate and stock. When no timely answer was filed, Trustee moved for default judgment. Judgment by Default was entered on April 23, 2007.

Defendant filed a Motion to Set Aside the default judgment on May 7, 2007. She asserts by Affidavit attached to her Motion that Debtor advised her that Howes Law Firm would take care of

this matter.  She further states that, after that Firm withdrew from representing Debtor, Debtor told her his dismissal of the bankruptcy case would cancel this lawsuit.  Defendant did not personally appear at the hearing.

Debtor Zachary Ovel testified that he advised his mother to consult an attorney.  Additionally, Debtor testified that Attorney Howes initially represented him and his mother and asked that all documents regarding this proceeding be turned over to the law office and they would take care of it.  Debtor testified that, though he wasn't sure of the time frame regarding whether Attorney Howes still represented him, he told his mother at one point not to worry about it.  After Defendant received a copy of the judgment in the mail, she asked Attorney Burdt to look into it.

As Trustee notes, Defendant did not assert any defenses to the underlying complaint in her Motion to set aside the default judgment or in her Affidavit.  Debtor's testimony addresses the background regarding the transfers Trustee is attempting to avoid.  Debtor testified that when he transferred all his shares in Grand Enterprises Inc. to Defendant he felt the shares had no value.  He admitted, however, that at the time of the transfer of stock the corporation held a building permit for a spec house and owned another property on which a home was built.

As to the deed which Trustee wishes to void, Debtor testified that although the deed itself states it is for no consideration, a separate document, offered as Defendant's Exhibit 1, sets out the consideration, which includes "the payment in full of the loan secured from Christian and Patti Tiemeyer of $100,000 upon the completion of a home to be constructed" on the real estate.  Based on this, Defendant argues that Debtor received reasonably equivalent value for the transfer, which she presents as a meritorious defense against Trustee's complaint to avoid the transfer as a preference. Debtor did not get any money from Defendant when he deeded the property to her.  Debtor testified that he deeded the property to his mother in order to acquire financing for a construction loan. He has now built a spec home on the lot which he believes can be sold for $560,000.

## CONCLUSIONS OF LAW

Relief from a default judgment requires a stronger showing than relief from a mere entry of default.  <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 783 (8th Cir. 1998).  Rule 55(c) provides that the court may set aside an entry of default "for

2

good cause shown." The court may set aside a default judgment "in accordance with Rule 60(b)," which defines the procedure for analyzing motions for relief from judgment. Id.; Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).

Under Rule 60(b)(1), the court may grant relief from a default judgment because of "mistake, inadvertence, surprise or excusable neglect." The term "excusable neglect" in this rule "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993). The following rules are derived from Pioneer:

> First, excusable neglect encompasses both simple, faultless omissions and omissions caused by carelessness. The determination as to whether neglect is excusable is an equitable one, taking into account all relevant circumstances surrounding the party's omission. Factors to consider include (1) the danger of prejudice to the [plaintiff]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

In re Payless Cashways, Inc., 230 B.R. 120, 138 (B.A.P. 8th Cir. 1999) (citations omitted), aff'd 203 F.3d 1081 (8th Cir. 2000). The court ought not to focus narrowly on the negligent act that caused the default. Murray v. S.O.L.O. Benefit Fund, 172 F. Supp. 2d 1134, 1141 (N.D. Iowa 2001). "The inquiry is essentially an equitable one, and the [ ] court is required to engage in a careful balancing of multiple considerations." Union Pac. R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782 (8th Cir. 2001). The existence of a meritorious defense continues to be a relevant factor. Id. at 783; Feeney v. AT & E, Inc., 472 F.3d 560, 564 (8th Cir. 2006) (applying the Pioneer factors and noting the defendant offered a decisive defense on the merits).

Where the defaulting party's negligence involves only a minor mistake, the other equitable considerations are entitled to significant weight in determining whether relief under Rule 60(b)(1) should be granted. Union Pacific, 256 F.3d at 783. The Eighth Circuit distinguishes between careless conduct by a defaulting party and contumaciousness or intentional flouting or disregard of the court and its procedures. Johnson, 140 F.3d at 785; United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993) (distinguishing between a marginal failure to comply with time requirements and willful violations of court rules).

The entry of default judgment is not favored by the law and "should be a rare judicial act." In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995). "[Rule 60(b)] authorizes an extraordinary remedy that allows a court to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts." Hoover v. Valley West D M, 823 F.2d 227, 228 (8th Cir. 1987). The defaulting party has the burden to show excusable neglect under Rule 60(b)(1). In re Iowa Oil Co., 299 B.R. 555, 562 (Bankr. N.D. Iowa 2003).

## ANALYSIS

Defendant filed her Motion to set aside the default judgment on May 7, 2007, two weeks after the default judgment was entered and two months after Trustee filed the March 7, 2007 complaint. Trustee does not appear to be substantially prejudiced by loss of evidence or increased difficulties in discovery, or the like. See Johnson, 140 F.3d at 785 (requiring that prejudice under the Pioneer test may not be found from delay alone or the fact that the defaulting party will be permitted to defend on the merits).

Defendant asserts that she failed to file a timely answer because she relied on statements made by Debtor that his bankruptcy counsel or his dismissal of the bankruptcy case would take care of the matter. Debtor filed a Motion to Dismiss Case, pro se, in his Chapter 7 case on April 13, 2007. Debtor's counsel filed a Motion to withdraw as counsel for Debtor on April 20, 2007.

Defendant was served with the complaint by mail on March 9, 2007. It was only after the default judgment entered on April 23, 2007 that she contacted an attorney. Prior to entry of judgment, Defendant was served, by mail, with Trustee's Motion for Entry of Default, the Clerk's Entry of Default and Trustee's Motion for Entry of Default Judgment.

It is this Court's conclusions that it is unreasonable for a party defendant to rely on a family member's advice and wait almost two months before responding to service of an adversary complaint and additional court mailings. This failure to respond exceeds mere carelessness and is more accurately defined as intentional disregard of Defendant's rights. Defendant's interest in defending the adversary is questionable. Not only did Defendant fail to timely respond to Trustee's complaint, she did not appear at the hearing on her Motion to set aside the default.

4

While counsel for Defendant made various statements concerning these issues, statements by Defendant's counsel are not evidence to be given evidentiary value on Defendant's behalf. In fact, there is an almost complete lack of evidence in the record to meet Defendant's burden to show excusable neglect. As Trustee argues in her post-hearing brief, Defendant's attempt to show there was consideration for Debtor's transfer of the deed to her is negligible. Debtor testified that Defendant's Exhibit 1 constituted consideration for the deed. Trustee objected to admission of Exhibit 1 into evidence as hearsay. Even if admissible, the contents of Exhibit 1 do little to establish that Defendant actually gave Debtor consideration for the deed. It does not address whether any consideration changed hands for Debtor's transfer of stock to Defendant. Rather, Debtor testified that Defendant did not give Debtor any money for the transfers. Further, the deed itself states it is without consideration. This Court must conclude, based on this record, that Defendant has failed to show the existence of a meritorious defense.

The Court concludes that Defendant has failed to satisfy her burden to show excusable neglect in support of her Motion to set aside the default judgment. Defendant's sincere desire to defend this adversary is in doubt based on her reliance on advice of Debtor to ignore this adversary action and failure to appear for the hearing. These factors, combined with the lack of a meritorious defense, lead the Court to conclude that no grounds exist to set aside this default judgment.

**WHEREFORE**, Defendant's Motion to Set Aside Default Judgment is DENIED.

DATED AND ENTERED:   June 26, 2007

This document constitutes judgment as required by Fed.R.Bankr.P. 9021.

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE